**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KINGRALE COLLINS,                                                    PETITIONER
ADC #102818

v.                                  5:16CV00295-DPM-JJV

GAYLON LAY, Warden, EARU; *et al.*                              RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen days from the date of the findings and recommendations.

The copy will be furnished to the opposing party.  Failure to file timely objections may result in a

waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     BACKGROUND

On October 21, 1997, a Cross County jury found Petitioner, Kingrale Collins, guilty of capital murder.  He was initially sentenced to death, but after the Arkansas Supreme Court reversed and remanded his Rule 37 petition, he withdrew the petition in exchange for a life sentence without the possibility of parole.  *See Collins v. State*, 365 Ark. 411 (2006).  On April 20, 2015, Mr. Collins filed a petition for writ of habeas corpus with this Court.  *Collins v. State of Arkansas*, Case No. 5:15CV00124-DPM.  United States District Judge D. P. Marshall Jr. dismissed the petition on September 8, 2015, concluding it was time barred and Mr. Collins did not appeal.

He filed this second Petition on September 19, 2016, challenging the same capital murder conviction.  (Doc. No. 1.)  However, he has not received authorization from the Eighth Circuit Court of Appeals to file a successive petition so his case must be dismissed.

### II.    DISCUSSION

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition.  *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).  Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007).  Further, the

court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. 2244(b)(2).  Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, the Court finds the language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition.  28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing.").  There is nothing in the record to indicate Mr. Collins sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this successive Petition.  He must apply for, and receive, permission from the Eighth Circuit before filing any habeas corpus petition that challenges his 1997 conviction.

Therefore, I find this Court does not have jurisdiction over Mr. Collins's claims. The Court recommends dismissal without prejudice so Mr. Collins may re-file his Petition should the Court of Appeals grant him permission to proceed.

## III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Collins's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice, and the requested relief be DENIED.

DATED this 12th day of October, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE